UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GABRIELA CARTER,<br><br>　　　　　Defendant. | No. 2: 15-cr-046-GEB<br><br>**ORDER REGARDING DEFENDANT'S REQUEST TO SEAL SENTENCING INFORMATION** |

On January 18, 2019, Defendant Gabriela Carter filed on the public docket a "NOTICE OF REQUEST TO FILE UNDER SEAL WITNESS STATEMENTS IN SUPPORT OF DEFENDANT'S SENTENCING REQUEST AND SENTENCING MEMORANDUM" (herein after referenced as "Notice"). ECF No. 67. On January 18, 2019, Defendant also submitted by email to chambers the documents referenced in her Notice for in camera review. However, one of the documents emailed to chambers is the titled "REQUEST TO FILE UNDER SEAL AND PROPOSED ORDER." A proposed order is not mentioned in the Defendant's Notice. Said document states:[1]

> "Pursuant to Local Rule 14(b)(sic), Defendant, Gabriela Carter, by and through her Counsel, Todd D. Leras, respectfully requests an Order sealing the Witness Statements Taken by Private Investigator Fred Scoville and offered in support of Defendant

---
[1] I have redacted information from said document that Defendant asserts invades her privacy interests.

1

| | |
|---|---|
| 1 | Gabriela Carter's Sentencing Memorandum. The Witness Statements contain private matters as to medical conditions, ███ ████, and ████ ████ ████████. |
| 2 | |
| 3 | |
| 4 | The Court may order documents to be filed under seal. While the press and the public have a presumed right of access to court proceedings and documents under the First Amendment, this presumed right is not absolute. See Press-Enterprise Co. v. Superior Court, 464 U.S. 501 (1985). It can be overcome based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. Id. From the Court's perspective, the controlling interest is to articulate along with findings specific enough that a reviewing court can determine whether the closure order was properly entered. Id. |

Gabriela Carter's Sentencing Memorandum. The Witness Statements contain private matters as to medical conditions, ███ ████, and ████ ████ ████████.

The Court may order documents to be filed under seal. While the press and the public have a presumed right of access to court proceedings and documents under the First Amendment, this presumed right is not absolute. See Press-Enterprise Co. v. Superior Court, 464 U.S. 501 (1985). It can be overcome based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. Id. From the Court's perspective, the controlling interest is to articulate along with findings specific enough that a reviewing court can determine whether the closure order was properly entered. Id.

Here, the Defense seeks to file the supporting witness statements under seal because of the nature of the information contained within them. The information within statements include a description of protected health conditions, ██ ████ ████, and ████ ████ ██████ information. On that ground it is requested that the Declaration of Attorney Todd D. Leras and the attached witness statements obtained by Investigator Fred Scoville be filed under seal until further order of this Court.

ORDER

Pursuant to Local Rule 14(b)(sic) and based upon the representations contained in Defendant's Request to Seal, IT IS SO FOUND AND ORDERED THAT, the DECLARATION OF ATTORNEY TODD D. LERAS AND THE ATTACHED WITNESS STATEMENTS OBTAINED BY INVESTIGATOR FRED SCOVILLE IN SUPPORT OF DEFENDANT'S SENTENCING MEMORANDUM, shall be sealed until further order of this Court.

It is unclear why Defendant decided to make a conclusory sealing argument under the public's qualified right of access to judicial documents, in light of the confidential character of certain sentencing information understood to exist when a party timely submits sentencing information to the

2

Probation Officer assigned to prepare a presentence report under Local Rule 460 and Rule 32 of the Federal Rules of Criminal Procedure.

Defendant's secrecy argument does not support her sealing request. Nevertheless, the documents she proffers for sealing are treated as having been untimely submitted under Federal Rule of Criminal Procedure 32 and Local Rule 460. Therefore, the Clerk of Court shall file under seal the Declaration of Attorney Todd D. Leras, the Witness Statements taken by Investigator Fred Scoville in Support of Defendant's Sentencing Memorandum, and an unredacted version of the REQUEST TO FILE UNDER SEAL AND PROPOSED ORDER. The Clerk of Court shall state in the Docket Text concerning this sealed filing "Documents treated as documents untimely submitted under Rule 32 of the Federal Rules of Criminal Procedure and Local Rule 460."

Dated: January 23, 2019

GARLAND E. BURRELL, JR.
Senior United States District Judge