1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      UNITED STATES OF AMERICA,                No.  2:15-cr-0046 JAM CKD P

12                  Respondent,

13            v.                                 FINDINGS AND RECOMMENDATIONS

14      GABRIELA CARTER,

15                  Movant.

16

17          Movant, a federal prisoner proceeding pro se, has filed a motion for habeas corpus relief

18   under 28 U.S.C. § 2255.  On August 10, 2018, movant pled guilty to one count of bank fraud.

19   ECF No. 58 & 59.  Movant admitted to providing false information to banks in order to obtain

20   mortgages for individuals who would not have qualified for such mortgages had the information

21   provided been truthful.  According to the presentence investigation report lenders lost a total of

22   $1,409,236 from loans which ended up in default.  ECF No. 63 at 6.  On January 25, 2019,

23   movant was sentenced to 41 months imprisonment.  ECF No. 41.

24          In her motion, movant presents four claims.  In all four claims movant asserts she was

25   subjected to ineffective assistance of counsel in violation of the Sixth Amendment during

26   sentencing proceedings.

27          The Supreme Court has enunciated the standards for judging ineffective assistance of

28   counsel claims.  See Strickland v. Washington, 466 U.S. 668 (1984).  First, a defendant must

1

show that, considering all the circumstances, counsel's performance fell below an objective

standard of reasonableness.  Strickland, 466 U.S. at 688.  To this end, the defendant must identify

the acts or omissions that are alleged not to have been the result of reasonable professional

judgment.  Id. at 690.  The court must then determine, whether in light of all the circumstances,

the identified acts or omissions were outside the wide range of professional competent assistance.

Id.  Second, a defendant must affirmatively prove prejudice.  Id. at 693.  Prejudice is found where

"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."  Id. at 694.  A reasonable probability is "a probability

sufficient to undermine confidence in the outcome."  Id.

At sentencing, the trial court, based upon the recommendation in the presentence

investigation report, calculated the United States Sentencing Guidelines offense level as 22 and

the criminal history category as I (roman numeral 1).  As a result, the applicable sentencing range

was 41 to 51 months.  ECF No. 87 at 9.  Defense counsel asked for a downward variance from the

guidelines range, and that request was denied.  Id. at 20.   The court imposed the minimum 41-

month sentence.  Id. at 20.

In claims 1 and 3, movant asserts that trial counsel was ineffective at sentencing for not

arguing that there was no actual financial loss attributable to movant's actions or that the loss

attributable was substantially less than the amount calculated.  In the presentence investigation

report, the probation department calculated that, as a result of movant's conduct, the cumulative

loss to 10 separate financial institutions was $1,409,236.  This resulted in a 14-point increase in

the offense level.  ECF No. 63 at 4-6.  Movant fails to point to any evidence suggesting any of the

information provided by the court's probation department in the presentence investigation report

was false or that any calculations made were inaccurate.[1]  Accordingly, movant fails to show her

/////

---

[1]  In her traverse, it appears that movant asserts there was no loss because market values of the houses identified in the presentence investigation report are now equal too or greater than the values when the loans procured by movant were funded.  However, the current market values of the houses alone do not establish that loans procured by movant upon which her clients defaulted did not cause financial institutions to suffer the losses identified in the presentence investigation report.

counsel was ineffective in not challenging the total amount loss, nor has movant established any

prejudice as a result of counsel's action.  Claims 1 and 3 must be rejected.

In claim 2, movant asserts that counsel was ineffective for not challenging "loss derivation

conclusions, including, but not limited to the financial gain amount incorrectly attributed to

[movant]."  The court has reviewed the presentence investigation report and the transcript of the

sentencing proceedings and it does not appear any "loss derivation conclusions" were reached by

probation or the court or that such conclusions caused an increase in movant's sentence.

Therefore, claim 2 does not provide a basis for habeas relief.

In her final claim, movant asserts that trial counsel was ineffective "when he chose to

work with the government and did not paint a persuasive and sympathetic picture for the

sentencing judge for a substantial sentence reduction."  Again, movant fails to point to any facts

in support of her claim and therefore does not show that counsel's actions fell below an objective

standard of reasonableness or prejudiced the sentencing proceedings in anyway.  Claim 4 must be

rejected.

Accordingly, IT IS HEREBY RECOMMENDED that

1.  Movant's motion for habeas corpus relief under 28 U.S.C. § 2255 (ECF No. 79) be

denied; and

2.  The Clerk of the Court be directed to close the civil companion case 2:19-cv-1571

JAM CKD P.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  In his objections, movant

may address whether a certificate of appealability should issue in the event he files an appeal of

the judgment in this case.  See Rule 11, Federal Rules Governing Section 2255 Cases (the district

court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant).  Any response to the objections shall be served and filed within fourteen days after

service of the objections.  The parties are advised that failure to file objections within the

specified time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

1153 (9th Cir. 1991).

Dated:  August 6, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cart0046.2255(b)